**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS - PEORIA DIVISION**

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS<br>INSURANCE COMPANY, | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>)   No.: |
| v. | )<br>) |
| WALMART, INC., | )<br>) |
| *Defendant.* | )<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY ("Nationwide"), by and through its attorneys LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201, *et seq*. against the Defendant, WALMART, INC. ("Walmart"), alleges as follows:

## INTRODUCTION

1.      Nationwide seeks a declaration that it does not owe a duty to defend or indemnify Walmart as an additional insured under a policy of insurance issued to Watershed Foods, LLC ("Watershed") with respect to four underlying lawsuits filed against Walmart alleging failure to disclose the presence of toxicants and contaminants in its baby food products.

## THE PARTIES

2.      Nationwide is an insurance company organized under the laws of the state of Iowa, with a principal place of business in Des Moines, Iowa, and duly licensed and authorized to issue insurance policies in the State of Illinois.

3.      Walmart is a corporation organized under the laws of the state of Arkansas, with a principal place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

4.       No defendant is a citizen of the plaintiff's state of citizenship, Iowa, so complete diversity of citizenship exists.

5.       The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint only seeks declaratory relief, the effect of granting such relief would exceed $75,000 in value.

6.       This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 (a).

7.       Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this transaction occurred within the Central District of Illinois, including negotiation and delivery of the subject insurance policies.

8.       This Court has personal jurisdiction over Walmart as it does business in the state of Illinois and therefore purposely availed itself to the protections of Illinois law.

9.       An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## NONJOINDER OF CERTAIN PARTIES

10.       Teressa Wilson, amongst others, is one of the class representatives in an underlying class action lawsuit (the "*Wilson* lawsuit"), is a citizen of Indiana, and has not been joined because this Court does not have personal jurisdiction over her and the other plaintiffs in the *Wilson* lawsuit. Contemporaneously with the filing of this action, Nationwide will provide counsel for Teressa Wilson with a copy of the complaint and invite her to intervene should she desire to do so.

11.       Shipra Kochar, amongst others, is one of the class representatives in an underlying class action lawsuit (the "*Kochar* lawsuit"), is a citizen of California, and has not been joined

because this Court does not have personal jurisdiction over her and the other plaintiffs in the *Kochar* lawsuit.  Contemporaneously with the filing of this action, Nationwide will provide counsel for Shipra Kochar with a copy of the complaint and invite her to intervene should she desire to do so.

12.     *N.C.*, a minor, is plaintiff in an underlying lawsuit, a citizen of California, and has not been joined because this Court does not have personal jurisdiction over the minor. Contemporaneously with the filing of this action, Nationwide will provide counsel for *N.C.* with a copy of the complaint and invite *N.C.* to intervene should it desire to do so.

13.     The State of New Mexico, by and through its Attorney General Hector Balderas, is plaintiff in an underlying lawsuit, and has not been joined because this Court does not have personal jurisdiction over it. Contemporaneously with the filing of this action, Nationwide will provide the Attorney General of New Mexico with a copy of the complaint and invite it to intervene should it desire to do so.

## THE NATIONWIDE POLICIES

14.     Nationwide issued Watershed a Commercial General Liability ("CGL") policy of insurance effective June 18, 2013, through June 18, 2014. The CGL policy was renewed on an annual basis until June 18, 2021. True and correct copies of the Nationwide policies are attached hereto as **Exhibits A – H**, respectively.

15.     Nationwide also issued Watershed an Umbrella policy of insurance, effective June 18, 2013, through June 18, 2014. The Umbrella policy was renewed on an annual basis until June 18, 2021. *See, id.*

16.     All CGL policies provide, in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. \*\*\*

\*\*\*

## SECTION V – DEFINITIONS

**\*\*\***

21. "Your product":
    a. Means:
        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            (a) You;
            (b) Others trading under your name; or
            (c) A person or organization whose business or assets you have acquired; and

        (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b. Includes:
        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
        (2) The providing of or failure to provide warnings or instructions.

b. Does not include vending machines or other property rented to or located for the use of others but not sold.
\*\*\*

The CGL policy contains the following endorsements:

**COMMERCIAL GENERAL LIABILITY COVERAGE ENHANCEMENT ENDORSEMENT INCLUDING MEDICAL PAYMENTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION II – WHO IS AN INSURED** is amended as follows:

4

1. Paragraph **3. a**. is replaced with:

>   **a.** Coverage under this provision is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

2. The following is added:

>   **4. Additional Insured – Automatic Status When Required In An Agreement With You**
>
>   **Who Is An Insured** includes person(s) or organization(s) described in Paragraphs **a. – i.** below with whom you have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.
>   \*\*\*
>
>>   **i. Vendors** – but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions:
>>
>>   **(1)** The insurance afforded the vendor does not apply to:
>>   (a) "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;
>>   (b) Any express warranty unauthorized by you;
>>   (c) Any physical or chemical change in the product made intentionally by the vendor;
>>   (d) Repackaging, except when unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;
>>   (e) Any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;
>>   (f) Demonstration, installation, servicing, or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;
>>   (g) Products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor; or
>>   (h) "Bodily injury" or "property damage" arising out of the sole negligence of the vendor for its own acts or omissions or those of

5

its employees or anyone else acting on its behalf. However, this exclusion does not apply to:

> (i) The exceptions contained in Subparagraphs d. or f.; or
>
> (ii) Such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products.

**(2)** This insurance does not apply to any insured person or organization, from whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products.

***

**EXCLUSION - ASBESTOS, LEAD AND RADON**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

This policy does not apply to any claims arising out of or alleged to have arisen out of any of the following:
***
2. Lead or any lead-related injury or damage including, but not limited to, any injury or damage arising out of or alleged to have arisen out of any act, error, omission, failure to warn, or other duty involving lead or lead products, their use, exposure, existence, detection, removal, elimination or avoidance…. ***

"We" shall not have a duty to defend any insured against a claim or suit seeking damage to which this insurance does not apply,

***

**ILLINOIS EXCLUSION – PUNITIVE DAMAGES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to awarded punitive or exemplary damages, fines or penalties.
***

17.     Nationwide's Umbrella policy provides, in pertinent part:

**INSURING AGREEMENTS**

6

**A.  Coverage A—Excess Follow Form Liability Insurance**

    **1.**  Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance" provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of the "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:
    **a.** any contrary provision contained in this policy; or
    **b.** any provision in this policy for which a similar provision is not contained in "underlying insurance."

    **2.**  With respect to the exceptions stated above, the provisions of this policy will apply.

    **3.**  The amount we will pay for damages is limited as described in Limits of Insurance.

    **4.**  Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss." \*\*\*

\*\*\*

**EXCLUSIONS**

**A. Applicable to Coverage A and Coverage B**
Under Coverage A and Coverage B, this insurance does not apply to:
\*\*\*
**10.** Punitive damages
Any punitive or exemplary damages, fines or penalties.

**13.** Asbestos, Electronic Emissions, Lead or Radon
"Injury or damage", "bodily injury", "property damage" or "personal and advertising injury" arising out of: \*\*\*

    c. Lead including but not limited to any injury or damage related to, arising or alleged to have arisen out of any use, exposure, existence, detection, removal, elimination, avoidance, act, error, omission, failure to disclose or warn of the presence of lead or any other duty involving lead; or \*\*\*

The Umbrella policy contains the following endorsements:

**ILLINOIS ASBESTOS, LEAD OR RADON EXCLUSION COVERAGE A AND COVERAGE B**

This endorsement modifies insurance provided under the following:
COMMERCIAL UMBRELLA LIABILITY POLICY

7

Under **EXCLUSIONS, A. Applicable to Coverage A and Coverage B,** exclusion **13.** Asbestos, Electronic Emissions, Lead or Radon is replaced by the following:

**13. Asbestos, Lead or Radon**

"Injury or damage", "bodily injury", "property damage" or "personal and advertising injury" arising out of:
\*\*\*
b. Lead including but not limited to any injury or damage related to, arising or alleged to have arisen out of any use, exposure, existence, detection, removal, elimination, avoidance, act, error, omission, failure to disclose or warn of the presence of lead or any other duty involving lead\*\*\*

\*    \*    \*
### THE WATERSHED/WALMART AGREEMENT

18.     Upon information and belief, Watershed and Walmart entered into a Merchandise agreement ("agreement"), the dates of which remain unknown, whereby Watershed agreed to manufacture and supply certain food products packaged under Walmart's brand.

19.     Nationwide has not attached the agreement to its pleading due to the confidential nature of the agreement.

### THE *WILSON* LAWSUIT

20.     On November 12, 2021, Teressa Wilson, among others, filed a consolidated class action complaint in the United States District Court, Eastern District of Arkansas ("the *Wilson* lawsuit"). A true and correct copy of the complaint filed in the *Wilson* lawsuit is attached as **Exhibit I**.

21.     The *Wilson* lawsuit was filed against Walmart and "Does 1 through 10, inclusive."

22.     Watershed is not a defendant in the *Wilson* lawsuit.

23.     The *Wilson* lawsuit alleges the dangers of "toxic heavy metals" including those potentially found in Walmart's baby food brands and contains causes of action for breach of express warranty, breach of implied warranty or merchantability, fraud by omission, intentional

8

and negligent misrepresentation, quasi-contract, unjust enrichment, restitution, and violations of various states consumer protection statutes.

## THE *STATE OF NEW MEXICO* LAWSUIT

24.     On June 7, 2021, the State of New Mexico, *ex. rel.* Hector H. Balderas, Attorney General, filed a complaint in the First Judicial District Court, County of Santa Fe ("the *State of New Mexico* lawsuit").  A true and correct copy of the complaint filed in the *State of New Mexico* lawsuit is attached as **Exhibit J.**

25.     The *State of New Mexico* lawsuit was filed against Walmart and other defendants.

26.     Watershed is not a defendant in the *State of New Mexico* lawsuit.

27.     The *State of New Mexico* lawsuit seeks relief under New Mexico law in connection with the "manufacturing, designing, distributing, supplying, marketing, promoting, advertising, and/or selling baby food products contaminated with dangerous levels of toxic heavy metals."

## THE *KOCHAR* LAWSUIT

28.     On January 12, 2022, Shipra Kochar, among others, filed a consolidated class action complaint in the United States District Court for the Northern District of California ("the *Kochar* lawsuit").  A true and correct copy of the complaint filed in the *Kochar* lawsuit is attached as **Exhibit K.**

29.     The *Kochar* lawsuit was filed against Walmart and "Does 1 through 10, inclusive."

30.     Watershed is not a defendant in the *Kochar* lawsuit.

31.     Like the others, the *Kochar* lawsuit alleges Walmart's failure to disclose toxic heavy metals contained in its brand name and seeks relief for violations of California's consumers legal remedies act, California's false advertising law, California's unfair competition law,

9

intentional misrepresentation, negligent misrepresentation, constructive fraud, breach of express warranty, breach of implied warranty, and unjust enrichment.

## THE *N.C.* LAWSUIT

32.     On September 7, 2021, N.C., a minor, filed a first amended complaint in the Superior Court for the State of California, County of Los Angeles ("the *N.C.* lawsuit").  A true and correct copy of the complaint filed in the *N.C.* lawsuit is attached as **Exhibit L**.

33.     The *N.C.* lawsuit was filed against Walmart and other defendants.

34.     Watershed is not a defendant in the *N.C.* lawsuit.

35.     The *N.C.* lawsuit alleges that seven-year-old minor plaintiff allegedly suffers from autism spectrum disorder and attention deficit hyperactive disorder as a result of consuming "poisonous Baby Foods" manufactured and sold by the named defendants and seeks damages under theories of strict products liability – failure to warn, strict products liability – design defect, strict products liability – manufacturing defect, negligence- failure to warn, negligent product design, negligent manufacturing, negligent misrepresentation, and strict liability.

## COUNT I
### NO DUTY TO DEFEND - THE *WILSON* LAWSUIT

36.     Nationwide restates and incorporates the allegations in paragraphs 1 through 35 above, as if fully set forth herein.

37.     Nationwide does not owe a duty to defend or indemnify Walmart against the *Wilson* lawsuit under its CGL and Umbrella policies for one or more of the following reasons, pleading hypothetically or in the alternative:

a)      The *Wilson* lawsuit does not allege an "occurrence;"

b)      The *Wilson* lawsuit does not seek damages for "bodily injury;"

c)      The *Wilson* lawsuit does not implicate any Watershed products;

d)      The agreement was not in effect during the implicated policy periods; and

e)      The "Asbestos, Lead or Radon" exclusion bars any coverage otherwise available;

f)      There may be other bases on which Nationwide can properly deny coverage, and Nationwide reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays this Honorable Court enter an Order finding and declaring does not owe a duty to defend or indemnify WALMART, INC. against the *Wilson* lawsuit, and for such other relief as may be necessary.

## COUNT II
### NO DUTY TO DEFEND - THE *STATE OF NEW MEXICO* LAWSUIT

38.     Nationwide restates and incorporates the allegations in paragraphs 1 through 35 above, as if fully set forth herein.

39.     Nationwide does not owe a duty to defend or indemnify Walmart against the *State of New Mexico* lawsuit under its CGL and Umbrella policies for one or more of the following reasons, pleading hypothetically or in the alternative:

a)      The *State of New Mexico* lawsuit does not allege an "occurrence;"

b)      The *State of New Mexico* lawsuit does not seek damages for "bodily injury;"

c)      The *State of New Mexico* lawsuit does not implicate any Watershed products;

d)      The agreement was not in effect during the implicated policy periods; and

e)      The "Asbestos, Lead or Radon" exclusion bars any coverage otherwise available;

f)      There may be other bases on which Nationwide can properly deny coverage, and Nationwide reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays this Honorable Court enter an Order finding and declaring does not owe a duty

to defend or indemnify WALMART, INC. against the *State of New Mexico* lawsuit, and for such other relief as may be necessary.

**COUNT III**
**NO DUTY TO DEFEND - THE *KOCHAR* LAWSUIT**

40.      Nationwide restates and incorporates the allegations in paragraphs 1 through 35 above, as if fully set forth herein.

41.      Nationwide does not owe a duty to defend or indemnify Walmart against the *Kochar* lawsuit under its CGL and Umbrella policies for one or more of the following reasons, pleading hypothetically or in the alternative:

a)      The *Kochar* lawsuit does not allege an "occurrence;"

b)      The *Kochar* lawsuit does not seek damages for "bodily injury;"

c)      The *Kochar* lawsuit does not implicate any Watershed products;

d)      The agreement was not in effect during all implicated policy periods; and

e)      The "Asbestos, Lead or Radon" exclusion bars any coverage otherwise available;

f)      There may be other bases on which Nationwide can properly deny coverage, and Nationwide reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays this Honorable Court enter an Order finding and declaring does not owe a duty to defend or indemnify WALMART, INC. against the *Kochar* lawsuit, and for such other relief as may be necessary.

**COUNT IV**
**NO DUTY TO DEFEND - THE *N.C.* LAWSUIT**

42.      Nationwide restates and incorporates the allegations in paragraphs 1 through 35 above, as if fully set forth herein.

12

43.     Nationwide does not owe a duty to defend or indemnify Walmart against the *N.C.* lawsuit under its CGL and Umbrella policies for one or more of the following reasons, pleading hypothetically or in the alternative:

    a)    The *N.C.* lawsuit does not allege an "occurrence;"

    b)    The *N.C.* lawsuit does not implicate any Watershed products;

    c)    The agreement was not in effect during all implicated policy periods; and

    d)    The "Asbestos, Lead or Radon" exclusion bars any coverage otherwise available;

    e)    There may be other bases on which Nationwide can properly deny coverage, and Nationwide reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays this Honorable Court enter an Order finding and declaring does not owe a duty to defend or indemnify WALMART, INC. against the *N.C.* lawsuit, and for such other relief as may be necessary.

Respectfully submitted,
**LINDSAY, PICKETT & POSTEL, LLC**


By: /s/ Peter G. Syregelas
One of the attorneys for Plaintiff

Peter G. Syregelas
ARDC No.: 6290882
312-970-5661
psyregelas@lpplawfirm.com
Haley M. Loutfy
ARDC No.: 6330052
312-995-7903
hloutfy@lpplawfirm.com
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison St., Suite 3850
Chicago, Illinois 60606